# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| ANTONIO DEANDRE SMITH, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 15-CV-445-GKF-FHM |
| JOE M. ALLBAUGH, Director, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 5) to the petition. Petitioner filed a reply (Dkt. # 7) to Respondent's response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On May 6, 2014, Petitioner entered blind pleas of guilty to three (3) counts of Trafficking in Illegal Drugs (Counts 1, 2, and 7), Possession of a Firearm While in the Commission of a Felony (Count 3), Unlawful Possession of Drug Paraphernalia (Count 6), Acquiring Proceeds from Drug Activity (Count 8), and Possession of a Firearm After Former conviction of a Felony (Count 9), in Tulsa County District Court, Case No. CF-2013-361.[1] The trial judge accepted the pleas and sentenced Petitioner to thirty (30) years imprisonment on each of Counts 1, 2, 3, 7, 8, and 9, and one (1) year in the county jail on Count 6, with the sentences ordered to be served concurrently. The transcript from the plea hearing and the Judgments and Sentences reflect that the trial judge advised

---

[1]Counts 4 and 5 were dismissed prior to entry of Petitioner's pleas of guilty.

Petitioner of his right to appeal and appeal procedures. See Dkt. ## 5-1, 5-2 at 31-32.[2] However, Petitioner did not move to withdraw his guilty pleas during the ten-day period following sentencing and did not perfect a certiorari appeal.

On December 22, 2014, Petitioner filed an application for post-conviction relief, identifying three (3) grounds of error, as follows:

Ground 1: Petitioner was deprived of a timely direct appeal through no fault of his own and is now entitled to an out-of-time appeal as a matter of due process.

Ground 2: Petitioner was denied the effective assistance of trial counsel to which he was entitled under the 6th & 14th Amendments to the U.S. Constitution and Art. II, §§ 7 and 20 of the OK Constitution.

Ground 3: Petitioner was denied the effective assistance of counsel to which he was entitled under the 6th and 14th Amendments to the U.S. Constitution and Art. II, §§ 7 and 20 of the OK Constitution.

(Dkt. # 5-2 at 2, 4, 5). By order filed March 12, 2015, the state district court recommended that an appeal out of time be denied. See Dkt. # 5-3 at 3-7. Petitioner filed a post-conviction appeal in the OCCA. By order filed June 17, 2015, in Case No. PC-2015-274 (Dkt. # 5-4), the OCCA denied the post-conviction application for appeal out of time.

On August 12, 2015, Petitioner filed his federal petition for writ of habeas corpus (Docket #1). Petitioner raises two (2) claims, as follows:

Ground 1: Ineffective assistance of counsel, and due process.
My private attorney [Kevin Adams] failed to communicate state's plea offer to me. He presented a false plea offer to me. As a result of that I lost the opportunity to accept the plea offer because the state withdrew it.

Ground 2: Ineffective assistance of counsel, and due process.

---

[2]Citations to the record reference the Court's CM/ECF pagination.

> I informed my public defender [Katherine Greubel] that my private attorney did not convey the State's earlier plea offer to me. The public defender failed to inform the court of this matter. She misinformed the court that I had rejected the offer. She failed to advise me the offer could be reinstated.

(Dkt. # 1 at 6). In response to the petition, Respondent asserts that Petitioner's claims are procedurally barred.

In addition to a reply to the response (Dkt. # 7), Petitioner filed motions to "supplement" (Dkt. # 9), for an evidentiary hearing (Dkt. # 13), and for appointment of counsel (Dkt. # 14). As discussed below, the Court finds the motion to "supplement" is time barred and shall be denied on that basis. Also, Petitioner's motions for evidentiary hearing and for appointment of counsel shall be denied.

## *ANALYSIS*

**A.     Exhaustion**

Petitioner presented his habeas claims of ineffective assistance of counsel to the OCCA on post-conviction appeal. Therefore, Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. However, as discussed in Part D below, the claims are procedurally barred.

**B.     Motions for an evidentiary hearing and for appointment of counsel**

Upon review of the record and Petitioner's claims, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000). The motion for an evidentiary hearing is denied.

In addition, there is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). For that reason, the Court exercises its discretion to deny Petitioner's motion for appointment of counsel.

**C.      Motion to "supplement"**

In his motion to "supplement" (Dkt. # 9), Petitioner claims that counsel provided ineffective assistance in failing to advise that Petitioner had grounds to withdraw his guilty pleas. As a result, he was deprived of an appeal through no fault of his own. Petitioner does not raise this claim of ineffective assistance of counsel in his petition for writ of habeas corpus.[3] Therefore, the Court shall adjudicate the motion to "supplement" as a motion to amend the petition for writ of habeas corpus.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for habeas corpus claims. 28 U.S.C. § 2244(d). While Petitioner timely filed his habeas petition, he filed his motion to "supplement" on January 13, 2017, or more than seventeen (17) months after he filed his original petition and more than one (1) year past the one-year statute of limitations deadline.[4] Therefore, unless Petitioner is entitled to equitable tolling of the limitations

---

[3]In his habeas petition, Petitioner alleges that he received ineffective assistance of counsel prior to and during entry of his guilty pleas. See Dkt. # 1 at 20. The allegations of ineffective assistance of trial counsel contained in the motion to "supplement" concern counsel's omissions after Petitioner entered his guilty pleas. Compare Dkt. # 9 with Dkt. # 1 at 6.

[4]Petitioner's convictions became final on Friday, May 16, 2014, when he failed to file a motion to withdraw guilty pleas within ten days of being sentenced on his pleas of guilty. Therefore, Petitioner's one-year limitations period began to run on Monday, May 19, 2014, and, in the absence of statutory or equitable tolling, his deadline for filing a timely petition for writ of habeas corpus was May 19, 2015. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's post-conviction proceeding. 28 U.S.C. § 2244(d)(2). Petitioner filed his application for post-conviction relief on December 22, 2014, and the OCCA denied an appeal out of time on June 17, 2015. Thus, Petitioner's post-conviction proceeding was pending for 177 days. As a result,

4

period or the ground raised in the proposed amended petition relates back to the original petition, the claim presented in the motion to amend is untimely.

Petitioner has not demonstrated he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted). Significantly, equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

Here, Petitioner fails to show that "some extraordinary circumstance stood in his way" and prevented him from filing a timely motion to amend. Thus, without more, Petitioner fails to show "rare and exceptional circumstances" that justify equitable tolling.

Because Petitioner's motion to "supplement" is untimely under the AEDPA, the motion must be denied unless the claim raised in motion relates back to the date of the original petition. See Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading); United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000);

---

Petitioner habeas deadline was extended 177 days beyond May 19, 2015, or to November 12, 2015. Petitioner's original petition, filed August 12, 2015, is timely. However, Petitioner's new claim of ineffective assistance of counsel raised in the motion to "supplement," filed January 13, 2017, is untimely.

Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"). While an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), the Supreme Court has determined that, with respect to amendment of habeas petitions, "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient. Id. Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659.

Upon review of the original petition and the motion to "supplement," the Court finds that Petitioner's new claim of ineffective assistance of counsel does not relate back to the original petition. Petitioner's new claim serves to insert a new theory into the case. In his reply to Respondent's response in opposition to the motion to "supplement," Petitioner argues that the claim raised in the motion is merely an effort "to separate the claims that are compounded in ground 2 of the original petition." See Dkt. # 12 at 3. The Court disagrees with Petitioner's assessment of his claims. The new claim of ineffective assistance of counsel identified in the motion to "supplement" identifies deficiencies in counsel's performance during the ten-day period after sentencing during

6

which a motion to withdraw pleas of guilty should have been filed. See Dkt. # 9 at 1. In contrast, the ineffective assistance of counsel claim raised in Ground 2 of the petition addresses counsel's alleged deficient performance during entry of Petitioner's guilty pleas, prior to the trial judge's acceptance of the guilty pleas. See Dkt. # 1 at 6. The motion to "supplement" asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original petition and does not relate back to the original petition. Because the ineffective assistance of counsel claim raised in the motion to "supplement" does not relate back, it is time-barred.

Petitioner's motion to "supplement," adjudicated as a motion to amend, is untimely and shall be denied.

**D.  Claims raised in original petition are procedurally barred**

In his habeas petition, Petitioner raises two claims of ineffective assistance of counsel. These claims were first presented to the OCCA on post-conviction appeal. However, the OCCA did not adjudicate the claims on the merits because Petitioner failed to show that he was deprived of a direct appeal through no fault of his own. See Dkt. # 5-4.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default

7

is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

In this case, the record demonstrates that Petitioner was advised of his appeal rights and he stated that he understood the procedures for moving to withdraw his pleas and for seeking relief with the OCCA. See Dkt. # 5-2, Tr. Plea Hr'g at 31-32. Nonetheless, Petitioner failed to file a motion to withdraw his guilty pleas and failed to perfect a certiorari appeal following his convictions on his pleas of guilty. Petitioner first presented his habeas claims to the OCCA on post-conviction appeal. In that appeal, Petitioner requested a direct appeal out of time and alleged that he had been denied an appeal through no fault of his own because "[a]s a result of not being timely & properly informed on said issues contained in Grounds 2 and 3 herein,[5] I also wasn't able to make an informed decision as to whether or not I should appeal the case." See Dkt. # 5-3 at 11. The OCCA denied Petitioner's post-conviction request for a direct appeal out of time, finding that:

> [i]n this matter, Petitioner claims he was denied direct appeal proceedings from his Judgment and Sentence through no fault of his own. Petitioner contends he was denied effective assistance of counsel because one of his attorneys failed to communicate a plea offer to him and another attorney incorrectly stated that Petitioner had rejected the plea offer.
> Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. A petitioner's right to an appeal out of time is dependent upon the ability to prove he was denied an appeal through no fault of his own. Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2015); *see Blades v. State*, 2005 OK CR 1, 107 P.3d 607; *see also Smith v. State*, 1980 OK CR 43, 611 P.2d 276. The record in this matter clearly shows that Petitioner knew about the plea offer, and heard his counsel state that it had been rejected, before he entered his plea of guilty. Despite this knowledge, Petitioner voluntarily entered his plea of guilty, and did not elect to initiate appeal proceedings. Petitioner has not established that he was denied an appeal through no fault of his

---

[5]"Grounds 2 and 3" referenced by Petitioner on post-conviction appeal are the same two grounds for relief raised in the habeas corpus petition.

own. *Id.* Therefore, Petitioner's application for post-conviction relief seeking an appeal out of time in Case No. CF-2013-361 should be, and is hereby, **DENIED**.

(Dkt. # 5-4 at 2). Thus, the state appellate court denied Petitioner's request for an appeal out of time based on his failure to meet the requirements for obtaining an appeal out of time, as set forth in Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals, and did not consider the merits of Petitioner's post-conviction claims of ineffective assistance of counsel.

Applying the principles of procedural default to this case, the Court finds that Petitioner's claims are procedurally barred. The OCCA's procedural bar based on Petitioner's failure to meet the requirements for an appeal out of time in compliance with Oklahoma procedural rules is an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar resulting from Petitioner's failure to show that he was entitled to an appeal out of time is analogous to other procedural defaults, including a failure to perfect a timely post-conviction appeal, which have been found "adequate" to preclude federal habeas review of ineffective assistance of counsel claims. See Falls v. Williams, 2010 WL 4054400, *12 (W.D. Okla. Sept. 9, 2010) (unpublished)[6] (finding that where the OCCA declined to hear the merits of ineffective assistance of counsel claims raised on post-conviction appeal because petitioner failed to either timely appeal or show that his failure to timely appeal was through no fault of his own, adequacy of resulting procedural bar was not called into question (citing Laws v. Fatkin, 44 F. App'x 366, 367 (10th Cir. 2002) (unpublished) (claims of ineffective assistance of trial and appellate counsel raised in post-conviction application were procedurally defaulted pursuant to Rule 5.2(C)(2) because post-

---

[6]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

9

conviction appeal was untimely); Martin v. Gibson, 28 F. App'x 866, 868 (10th Cir. 2001) (unpublished) (claims that petitioner received ineffective assistance of trial and appellate counsel were defaulted in state court on an independent and adequate state ground – failure to comply with Rules 5.2(C) and 10.1(C)(2))).

Because of Petitioner's procedural default, this Court may not consider his habeas claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner argues the merits of his defaulted claims and does not attempt to show "cause" for his procedural default. See Dkt. # 7. The Court recognizes that, in the time-barred claim raised in Petitioner's motion to "supplement," Petitioner attributes his failure to file a motion to withdraw his pleas of guilty to ineffective assistance of counsel because "[c]ounsel failed to visit the petitioner during the ten-day period after sentencing and in which time he had to file a notice of intent to appeal." See Dkt. # 9 at 1. However, Petitioner complained on post-conviction appeal that his attorneys failed to advise him with regard to withdrawing his pleas

10

of guilty. The OCCA found that the record from the plea hearing demonstrates that Petitioner knew the factual bases of his claims of ineffective assistance of counsel when he entered his pleas,[7] see Dkt. # 5-2 at 13-33, but nonetheless entered his pleas voluntarily and failed to initiate appeal proceedings. Based on those facts, the OCCA rejected Petitioner's request for an appeal out of time because Petitioner's claim that he was unable to move to withdraw his guilty pleas due to ineffective assistance of counsel, or through no fault of his own, is baseless. Similarly, in this habeas action, Petitioner fails to show that some objective factor external to the defense impeded his efforts to comply with the state procedural rules. Petitioner has not shown "cause" to overcome the procedural bar.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this case, Petitioner does not allege that he is actually innocent of the crimes for which he was convicted. As a result, Petitioner does not fall within the fundamental miscarriage of justice exception.

Having failed to overcome the procedural bar imposed on his claims, this Court is precluded from considering Petitioner's habeas claims. Therefore, the petition for writ of habeas corpus shall be denied.

---

[7]This finding of fact by the OCCA is entitled to a presumption of correctness which may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner fails to provide clear and convincing evidence to rebut the presumption of correctness.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. The petition is denied on a procedural basis and Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable. A certificate of appealability is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to "supplement" (Dkt. # 9), adjudicated as a motion to amend, is **denied**.

2. Petitioner's motion for an evidentiary hearing (Dkt. # 13) is **denied**.

3. Petitioner's motion for appointment of counsel (Dkt. # 14) is **denied**.

4. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

5. A certificate of appealability is **denied**.

6. A separate Judgment shall be entered in this case.

**DATED** this 6th day of September, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT